Khan v. Torres AES

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
        DENNIS JACOBS,
        RICHARD C. WESLEY,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

ANWAR KHAN,
     Petitioner,

     -v.-                         13-3628

TORRES AES, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, UNITED STATES DEPARTMENT OF LABOR,
     Respondents.

- - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:        SANG J. SIM, Sim & Record LLP, Bayside, New York.

FOR APPELLEES:        Robert N. Dengler, Flicker, Garelick & Associates, LLP, New York, New York.

Petition for review of an order of the United States Department of Labor Benefits Review Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED**.

Anwar Khan petitions for review of an order of the United States Department of Labor Benefits Review Board ("BRB"), affirming the administrative law judge's ("ALJ") denial of benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), as amended, 33 U.S.C. § 901 et seq., as extended by the Defense Base Act, 42 U.S.C. § 1651 et seq. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"Our review is limited to whether the BRB made any errors of law and whether substantial evidence supports the ALJ's findings of fact." Rainey v. Dir., Office of Workers' Comp., 517 F.3d 632, 634 (2d Cir. 2008). Substantial evidence is "evidence that a reasonable mind might accept as adequate to support a factual conclusion." New Haven Terminal Corp. v. Lake, 337 F.3d 261, 265 (2d Cir. 2003). We review any errors of law de novo. Id.

Khan argues the ALJ failed to apply the presumption of 33 U.S.C. § 920(a) to his disability claim. The ALJ correctly applied the presumption in determining whether Khan suffered from a work-related injury. However, the § 920(a) presumption does not apply in determining whether any disability was caused or aggravated by a particular work-related injury. A separate burden-shifting scheme governs that inquiry. See Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1038 (2d Cir. 1997); Palombo v. Dir., Office of Workers' Comp. Programs, 937 F.2d 70, 73 (2d Cir. 1991). Under that scheme, the employee must first establish that the disability was caused by a work-related injury. See Palombo, 937 F.2d at 73. Here, the ALJ reviewed the entirety of the record and found the report by Doctor Brief to be more credible than the one provided by Doctor Singh as to causation. Therefore, the BRB committed no error of law and the ALJ's findings were supported by substantial evidence. See Pietrunti, 119 F.3d at 1042 ("Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." (quotation marks omitted)).

2

We have considered all of Khan's remaining arguments and find them to be without merit.  The petition for review is thus **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK